IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | |
|---|---|
| **Nicholas D. Laudato, Special Administrator of the Estate of Dorothy Louise McLean, and as Personal Representative of Dorothy Louise McLean, deceased,** : : : : : : : | Case No. 2:24-cv-03356- Judge Algenon L. Marbley Magistrate Judge Kimberly A. Jolson |
| **Plaintiff,** : : | |
| v. : : | |
| **BD Zanesville OPCO, LLC d/b/a and a/k/a Brookdale Zanesville, et al.,, LLC** : : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter is before this Court on the Motion to Dismiss Plaintiff's Complaint or Compel Arbitration and Stay Proceedings filed by Defendants BD Zanesville Opco, LLC d/b/a and aka Brookdale Zanesville, LLC ("Brookdale Zanesville"), Brookdale Senior Living Inc., Brookdale Senior Living Communities, Inc., and Ventas, Inc. ("Defendants"). (ECF No. 31). For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**, and this case is hereby **STAYED** pending arbitration. The parties are **ORDERED** to file a joint status report **every six (6) months,** indicating the status of arbitration.

I. BACKGROUND

Plaintiff Nicholas Laudato is the Special Administrator of the Estate of Dorothy Louise McLean and is Ms. McLean's Personal Representative. (ECF No. 1 ¶ 3). Plaintiff brings this case against Defendants, asserting claims for negligence and wrongful death and seeking punitive damages. (*Id*. ¶¶ 12–22). These claims arise from Ms. McLean's admission to Defendants' facility for long-term care on June 29, 2022. (*Id*. ¶ 8). Plaintiff alleges that during

Ms. McLean's residency, Defendants failed to provide adequate care, causing her to develop pressure ulcers and other injuries which they failed to address appropriately. She was discharged from the facility on December 29, 2022, and died two days later on December 31, 2022. (*Id*. ¶¶ 9–11).

Prior to entering the facility, Ms. McLean's power of attorney designee, Martin McLean, signed a Residency Agreement. (ECF Nos. 31 at 2; 34 at 2; 31-1). The Agreement, made by and between Defendant Brookdale Zanesville and Ms. McLean, included an arbitration provision which states:

> Any and all claims or controversies arising out of, or in any way relating to, this Agreement or any of your stays at the Community, excluding any action for involuntary transfer or discharge or eviction, and including disputes regarding interpretation, scope, enforceability, unconscionability, waiver, preemption and/or viability of this Agreement, whether arising out of Local, State or Federal law, whether existing or arising in the future, whether statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, or otherwise, irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall be submitted to binding individual arbitration, as provided below, and shall not be filed in a court of law. The parties to this Agreement further understand that a judge and/or jury will not decide their case.

(ECF No. 31-1 at 8). The Residency Agreement further provides:

> This Arbitration Provision binds third parties not signatories to this Arbitration Provision, including any spouse, children, heir, representatives, agents, executors, administrators, successors, family members, or other persons claiming through the Resident, or persons claiming through the Resident's estate whether such third parties make a claim in a representative capacity or a personal capacity. Any claims or grievances against the Community or the Community's corporate parent, subsidiaries, affiliates, employees, officers or directors shall also be subject to and resolved in accordance with this Arbitration Provision.

(*Id*. at 10).

Defendants filed the instant motion seeking dismissal of the Complaint or, alternatively, an order compelling arbitration and staying the proceedings. (ECF No. 31).

## II. STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party who signed an arbitration contract fails or refuses to arbitrate, the aggrieved party may petition the court for an order directing the parties to proceed in arbitration in accordance with the terms of an arbitration agreement. 9 U.S.C. § 4.

Motions to compel arbitration are treated like motions for summary judgment. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). The court may consider both the pleadings and additional evidence submitted by the parties and view all facts and inferences in the light most favorable to the nonmoving party. *Id.* "[T]he party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Id*. at 889.

When the contract includes a delegation provision, however, the analysis shifts. A delegation provision is an "agreement[ ] to arbitrate threshold issues concerning the arbitration agreement." *Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394, 395-96 (6th Cir. 2017) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010)). Parties can agree to arbitrate "gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center*, 561 U.S. at 68-69. When a valid delegation clause exists, the court may not decide threshold questions of arbitrability unless the party opposing arbitration challenges the delegation provision itself. *Id.* at 71-72.

## III. LAW & ANALYSIS

Defendants argue that a valid arbitration agreement exists, that the asserted claims fall within the agreement's scope, and that this Court should compel arbitration or dismiss the case. (ECF No. 31).

3

As an initial matter, Plaintiff does not dispute the validity of the arbitration agreement. (*See* ECF No. 34). Courts have consistently held that a mutual promise to arbitrate, as is present here, constitutes sufficient consideration to form a valid agreement. *See, e.g.*, *Dantz v. Am. Apple Group, LLC*., 123 Fed. Appx. 702, 708 (6th Cir. 2005) (unpublished) (finding that under Ohio law, an arbitration agreement was supported by sufficient consideration where both the employee and employer were bound to arbitrate disputes); *Reulbach v. Life Time Fitness, Inc.*, No. 1:21 CV 1013, 2021 WL 2581565, at *6 (N.D. Ohio June 23, 2021) ("A mutual agreement to arbitrate constitutes adequate consideration under Ohio law."); *Robinson v. Mayfield Auto Group, L.L.C*., 100 N.E.3d 978, 984 (Ohio App. 8th Dist. 2017) ("[T]he parties mutually agreed to arbitrate 'any and all claims or controversies.' Therefore, we find sufficient consideration to support the mandatory arbitration agreement."); *see also Johnson v. Circuit City Stores, Inc.,* 148 F.3d 373, 378 (4th Cir.1998) ("[B]oth parties in this case agreed to be bound by the arbitration process for the resolution of any claim required to be submitted to arbitration under the Dispute Resolution Agreement. Therefore, we hold that the Dispute Resolution Agreement was supported by adequate consideration"); *Michalski v. Circuit City Stores, Inc.,* 177 F.3d 634, 636 (7th Cir.1999) ("Circuit City's promise to be bound by the arbitration process itself serves as mutual consideration here."). Moreover, "in the absence of fraud or wilful deceit, one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions." *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000) (quoting *Allied Steel and Conveyers, Inc. v. Ford Motor Co.,* 277 F.2d 907, 913 (6th Cir.1960)).

The arbitration provision, however, includes a delegation clause providing that the arbitration covers "disputes regarding interpretation, scope, enforceability, unconscionability, waiver, preemption and/or viability of this Agreement." (ECF No. 31-1 at 8). This is clear and

4

unmistakable language that encompasses challenges to the enforceability of the arbitration agreement. As such, any challenges to the arbitration clause itself must be arbitrated unless Plaintiff specifically challenges this delegation provision. *Rent-A-Center*, 561 U.S. at 68-69. Plaintiff makes no such challenge. Instead, he disputes whether the arbitration clause applies to all Defendants and whether it applies to the wrongful death claim. (ECF No. 34). This Court will address each argument in turn.

### A. Claims Against Nonsignatory Defendants

Plaintiff contends that the Residency Agreement was by and between Brookdale Zanesville and Ms. McLean. (ECF No. 34 at 3). Because the other Defendants were not signatories to the Residency Agreement, Plaintiff argues that the arbitration clause cannot be enforced against them. (*Id.*).

The Sixth Circuit, however, has explained that whether a nonsignatory may enforce an arbitration agreement is a question of arbitrability. *Swiger v. Rosette*, 989 F.3d 501, 507 (6th Cir. 2021). Where, as here, the parties have clearly delegated such questions to the arbitrator, courts must compel arbitration even if the issue involves a nonsignatory. *See De Angelis v. Icon Ent. Group Inc.*, 364 F. Supp. 3d 787, 796–97 (S.D. Ohio 2019) ("Whether a nonsignatory can enforce the arbitration agreement is a question of the enforceability of the arbitration clause, as to that defendant.").

This remains true even if this Court finds "wholly groundless" the argument that the arbitration agreement applies to a nonsignatory. *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 68 (2019) (finding the "wholly groundless" exception to delegation provisions is inconsistent with the FAA and the Court's precedent). Once a court determines that a valid delegation provision exists, it "possesses no power to decide the arbitrability issue." *Id*.

5

### B.  Wrongful Death Claim

Plaintiff also argues that a wrongful death claim is distinct from a survivorship claim and thus not subject to arbitration. (ECF No. 34 at 3). The Ohio Supreme Court has made clear that a survival action seeks to recover for a decedent's own injuries before death, whereas a wrongful death action seeks compensation for the injuries suffered by the decedent's beneficiaries as a result of the death. *Peters v. Columbus Steel Castings Co.*, 873 N.E.2d 1258, 1261 (Ohio 2007). Consistent with that distinction, courts applying Ohio law have held that a decedent's agreement to arbitrate does not bind her beneficiaries with respect to their independent wrongful death claims. *Reece v. Chambrel At Montrose-Brookdale*, No. 5:15-CV-2117, 2016 WL 3555435, at *4 (N.D. Ohio June 30, 2016); *Peters*, 873 N.E.2d at 1262.

While McLean agreed to her claims being bound to this agreement, her beneficiaries did not. Defendants have not argued that the beneficiaries entered into a separate agreement to arbitrate, nor have they submitted any evidence from which this Court could conclude that such an agreement exists. Before referring a dispute to an arbitrator, however, the court must determine whether a valid arbitration agreement exists. *See* 9 U.S.C. § 2; *Henry Schein*, 586 U.S. at 69.

The issue here, then, is not whether Plaintiff challenges the delegation provision itself, but whether any agreement to arbitrate the wrongful death claim exists in the first place. Because the wrongful death claim belongs to the beneficiaries, and Defendants have not shown that those beneficiaries agreed to arbitrate, the wrongful death claim is not subject to arbitration.

### C.  Court's Authority to Dismiss or Stay the Case

The remaining issue is whether to stay or dismiss this case. The FAA provides that a court shall stay proceedings, upon application by a party, when at least one claim is subject to arbitration. 9 U.S.C. § 3; *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. at 68. Dismissal, on the other hand, is

6

generally appropriate where "all claims are referred to arbitration." *Hensel v. Cargill, Inc.*, 1999 WL 993775, 1999 U.S. App. LEXIS 26600 (6th Cir. Oct. 19, 1999) (table). Here, Defendants requested a stay provided this Court finds that the wrongful death claim was not subject to arbitration. (ECF No. 31 at 5).

As the wrongful death claim remains pending in this Court, dismissal would be inappropriate. A stay, however, is warranted, as it is consistent with the FAA, promotes judicial efficiency, and preserves the Court's jurisdiction over the remaining claim.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint or to Compel Arbitration and Stay Proceedings (ECF No. 31) is **GRANTED in part and DENIED in part**. The motion is granted to the extent it seeks to compel arbitration of Plaintiff's negligence claim and associated claim for punitive damages against Defendants. The motion is denied as it pertains to the wrongful death claim against Defendants.

This Court therefore **COMPELS ARBITRATION** of Plaintiff's negligence claim and **STAYS** this case pending completion of arbitration. The parties are hereby **ORDERED** to file a **joint status report** every **six (6) months** from the date of this Order, advising the Court of the status of the arbitration proceedings.

**IT IS SO ORDERED.**

                                                                      **ALGENON L. MARBLEY**
                                                                      **UNITED STATES DISTRICT JUDGE**

**DATED: September 18, 2025**